| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | JEAN M. HOBLER<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Respondent<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>SHANGO JAJA GREER,<br><br>    Movant. | CASE NO. 2:03-CR-042 MCE JFM<br><br>STIPULATION AND PROPOSED ORDER TO OBTAIN SPECIFIC SEALED DOCUMENTS IN COURT'S FILE |
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>JASON KEITH WALKER,<br><br>    Movant. | |

On April 7, 2006, Movants Shango Jaja Greer and Jason Keith Walker were convicted of crimes relating to racketeering activity. Movants' appeal has been ruled upon by the Ninth Circuit and Movants have each filed motions under 26 U.S.C. § 2255 seeking relief.

Movants motions allege multiple issues, including without limitation grand jury abuse, prosecutorial misconduct, ineffective assistance in regard to a particular expert, and sufficiency of the evidence in regard to specific racketeering elements. A review of the docket reveals that many of these

1

issues appear to have been litigated before and during trial in this matter, and the underlying pleadings are therefore necessary to counsels' analysis of the issues raised in the instant motion proceedings.

The Government has many of the relevant pleadings in its files, but has noted that many were filed under seal and in relevant time periods there are entries on the docket for "sealed event," for which the Government has no related document in its files. The Government's understanding is that items on the docket identified as "sealed" were sealed by order of now-retired District Court Judge Frank C. Damrell, Jr., and thus the magistrate judge now assigned to the case, the Honorable John F. Moulds may lack the authority to order access to the documents in the Court's file for the parties, or to permit dissemination and use of sealed documents in the instant Section 2255 litigation.

The parties previously stipulated to a court order to provide them access to these documents in the Court's file. The Court requested a more specific stipulation. Having since that time obtained from the Clerk's office a list of the titles and other basic information about the nature of each sealed document,[1] the parties submit the following stipulation.

**STIPULATION**

1. The parties shall be given access to the following documents:[2]

    DN 114, minute order

    DN 177, Ex. 1 to Louis Walker's Reply filed 10/12/2004

    DN 375, Motion to Dismiss re: Interstate Commerce, May 18, 2005

    DN 402, Government's Supplemental Opposition to Greer's Motion to Dismiss, July 11, 2005

    DN 581, Sealed minutes from jury trial day 16

---

[1] The parties understand that the Clerk's Operations Supervisor created this list for the parties' use. The list has been very helpful, and the parties appreciate the obvious time and attention spend on this task.

[2] The Government notes that additional documents under seal may be pertinent to claims of ineffective assistance of trial counsel in plea bargaining. The Government intends to seek discovery on this issue, generally, and may return to the Court for access to these other documents depending on the outcome of that litigation in front of the magistrate judge in this case.

2. If the Clerk's Office has these and can easily provide them, the parties request the materials be provided directly to counsel for the Government, to permit the documents to be organized and labeled consistent with the other documents produced by the Government, including marking each page "SEALED." If the Clerk's Office cannot easily provide these documents in electronic form, the Government offers to copy the documents at the Clerk's Office. Petitioners agree. After obtaining them, the Government will mark each page as "SEALED" and forward the documents to counsel for Petitioners Greer and Walker.

3. Counsel for movant Shango Jaja Greer, Benjamin Ramos, shall be provided access to sealed documents, docket numbers 407 and 412. Docket entry number 407 states "Ex Parte Motion to Withdraw as Counsel for Defendant Greer and Order Granting Filing under seal." Discovery of counsel's motion to withdraw is necessary to determine whether the reasons for withdrawal relate to any of movant Greer's pending ineffective assistance of counsel claims. At this time, discovery of docket entries 407 and 412 will not be provided to any other party in this matter or government counsel, unless these documents were previously provided to other parties or the government at or before trial of this matter. Any other party or the government may move for discovery of these documents by motion or stipulation if such documents are necessary to adjudicate any of the claims in movants' pending motions, provided that any waiver of the attorney-client privilege reached by stipulation shall be no broader than necessary to adjudicate the pending claim to which the waiver relates, and movant Greer reserves the right to oppose discovery by the government or any other party to any attorney-client information not specifically necessary for a resolution of any of movant Greer's pending claims.

///
///
///
///
///

| | | |
|---|---|---|
| Dated: May 18, 2013 | | BENJAMIN B. WAGNER<br>United States Attorney<br><br>/s/ Jean M. Hobler<br>JEAN M. HOBLER<br>Assistant United States Attorney |
| Dated: May 18, 2013 | | /s/ Jean M. Hobler for Benjamin Ramos<br>BENJAMIN RAMOS<br>Counsel for Petitioner Shango Jaja Greer<br>(Signature authorized May 17, 2013) |
| Dated: May 18, 2013 | | /s/ Jean M. Hobler for Carolyn D. Phillips<br>CAROLYN PHILLIPS<br>Counsel for Petitioner Jason Keith Walker<br>(Signature authorized May 18, 2013) |

**ORDER**

IT IS SO ORDERED.

DATED: May 22, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT